UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DENISE BASHAM,                                                                                   Plaintiff,

v.                                                                    Civil Action No. 3:15-cv-897-DJH-DW

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,                                                                                         Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

When Plaintiff Denise Basham suffered a stroke and could not work, she was initially awarded short-term disability benefits paid by her employer, Harrah's Operating Company, Inc., and administered by Defendant Prudential Insurance Company of America.  (Docket No. 1) After approximately three months, Prudential recommended to Harrah's that it stop paying Basham's short-term disability benefits; it later denied Basham's application for long-term disability benefits. (*Id.*)  Basham filed suit against Prudential, alleging breach of contract, breach of fiduciary duty, and disgorgement pursuant to the federal Employee Retirement Income Security Act, as well as a claim for tortious interference with a contract under state common law. (*Id.*)  Basham requested a jury trial on her tortious-interference claim. (*Id.*)  Prudential has moved to dismiss Basham's claims for breach of fiduciary duty, disgorgement, and tortious interference, and has asked the Court to strike the jury demand.  (D.N. 32)  For the reasons discussed below, Prudential's partial motion to dismiss will be granted, and the jury demand will be stricken.

I.   BACKGROUND

On April 5, 2010, Denise Basham "became disabled and ceased working" due to a stroke. (D.N. 1, PageID # 3)  Basham worked at Harrah's, which provided her with short-term disability

1

benefits in the event that she suffered an illness or accident. (*Id.*, PageID # 2) Harrah's paid the short-term disability benefits from its general assets and retained Prudential to act as a third-party administrator. (*Id.*) Harrah's also offered long-term disability benefits through Prudential, which administered and insured the long-term disability plan. (*Id.*)

After her stroke, Basham filed for short-term disability (STD) benefits. (*Id.*, PageID # 3) Prudential initially approved Basham's STD benefits claim. (*Id.*) However, Prudential later "withdrew its recommendation," and as a result, Harrah's ceased paying Basham's STD benefits on June 30, 2010. (*Id.*) In anticipation of the impending loss of her STD benefits, on June 8, 2010, Basham applied for long-term disability (LTD) benefits through Prudential. (*Id.*, PageID # 4-5) On June 24, 2010, Basham received a voicemail from Prudential informing her that Prudential required additional medical support to confirm that she would be disabled beyond the day her short-term disability was set to expire. (*Id.*, PageID # 5) "That same day, Prudential sent Basham a letter informing her that additional medical support would be required within 15 days in order to re-open her STD claim." (*Id.*) Basham was sent an identical letter from Prudential on July 6, 2010, and a final letter on August 9, 2010, confirming Prudential's denial of Basham's STD benefits and providing information on the appeals process. (*Id.*)

Basham first filed suit in this court on August 16, 2011, seeking recovery of her STD and LTD benefits. *See Basham v. Prudential Ins. Co. of Am.*, No. 3:11-cv-464-CRS, 2012 WL 5878158 (W.D. Ky. Nov. 20, 2012). The Court held that Prudential "failed to process her LTD claim," and ordered Prudential to provide Basham with "a full-and-fair review." *Basham v. Prudential Ins. Co. of Am.*, No. 3:11-cv-464-CRS, 2014 WL 708491, at *7-8 (W.D. Ky. Feb. 24, 2014). Basham now brings a second suit, claiming that Prudential did not provide her with this "full-and-fair" review. (D.N. 1, PageID # 6) She alleges breach of contract, breach of fiduciary

duty, and disgorgement pursuant to ERISA, 29 U.S.C. § 1132, and tortious interference of contract pursuant to state common law. (*Id.*, PageID # 6-8)  Basham has requested financial compensation for her STD and LTD benefits, attorneys' fees, and a jury trial with respect to her tortious-interference claim. (*Id.*, PageID # 8)

In response, Prudential filed a motion to dismiss Basham's claims for breach of fiduciary duty, disgorgement, and tortious interference, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (D.N. 32)  It contends that Basham's breach of fiduciary duty and disgorgement claims are "not cognizable because the sole avenue for a party to litigate a benefit denial under an ERISA plan is to file a lawsuit pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. [§] 1132(a)(1)(B)," not § 1132(a)(3), as Basham has done. (*Id.*, PageID # 132 (citing *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015)))  Prudential then argues that Basham's tortious-interference claim is barred by the law of the case doctrine, "having previously been dismissed by Judge Simpson in Civil Action No. 3:11-cv-00464." (*Id.*)  Alternatively, Prudential argues that ERISA preempts the tortious-interference claim. (*Id.*)  Finally, Prudential asks the Court to strike Basham's jury demand on the ground that ERISA does not provide for jury trials. (*Id.*)

## II.     DISCUSSION

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Factual allegations are essential;

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id*. A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id*. at 679.

### A. ERISA Claims

Pursuant to 29 U.S.C. § 1132(a)(3), Basham alleges that Prudential breached its fiduciary duty because Prudential, while "acting as a fiduciary in the administration of Ms. Basham's claim," established a claims process that delayed her claims and was biased against her and other participants. (D.N. 1, PageID # 7) Additionally, Basham asserts a disgorgement claim under § 1132(a)(1)(B) and (a)(3), alleging that Prudential has "accumulated earnings" as a result of "its delayed payment of her monthly benefits." (D.N. 1, PageID # 7) Prudential argues that Basham's claims are merely a repackaging of her benefits claim, "which can be brought under . . . § 1132(a)(1)(B)." (D.N. 32-1, PageID # 139)

"Generally, a breach of fiduciary claim under 1132(a)(3) is precluded where the claim is premised upon the same conduct or requests the same relief as a claim for a denial of benefits under 1132(a)(1)(B)." *Hackney v. Lincoln Nat'l Life Ins. Co.*, No. 3:11-CV-00268-TBR, 2014 WL 3940123, at *3 (W.D. Ky. Aug. 12, 2014) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512–15 (1996)). The Sixth Circuit has held that an ERISA plaintiff may pursue a claim of breach of fiduciary duty under § 1132(a)(3) "only where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate." *Rochow*, 780 F.3d at 372 (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th

4

Cir. 2007)). Thus, if § 1132(a)(1)(B) provides a remedy for Basham's alleged injury, her claims for equitable relief are not cognizable under § 1132(a)(3). *See, e.g.*, *Hackney*, 2014 U.S. Dist. LEXIS 111142, at *3-4.

Basham's alleged injury can be remedied through § 1132(a)(1)(B). *Id*. at *5-6; *see also Gluc v. Prudential Ins. Co. of Am.*, No. 3:14-cv-519-DJH-DW, 2015 WL 6394522, at *2-3 (W.D. Ky. Oct. 22, 2015). "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims" through a cause of action under § 1132(a)(1)(B). *Howe*, 516 U.S. at 512. Basham alleges a number of problems with Prudential's claims process, but ultimately, the only injury she claims to have suffered is loss of benefits, which is an injury § 1132(a)(1)(B) is designed to address. *Cf. Gluc*, 2015 WL 6394522, at *3 (citing *Rochow*, 780 F.3d at 374-75). In addition, with respect to the disgorgement claim, the "accumulated earnings" Basham seeks may be recovered through an award of prejudgment interest, which the Court has discretion to award under § 1132(a)(1)(B). *Id*. (citing *Rochow*, 780 F.3d at 375-76; *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000)).

Basham argues that "reliance on *Rochow* is misplaced," and that *Gluc* and *Hackney* are distinguishable. (*See* D.N. 37) Basham instead urges the Court to apply the pleading standard from *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710 (6th Cir. 2005), because she contends that Prudential's claim process is "systematically flawed" and seeks plan-wide relief. (D.N. 1, PageID #7; D.N. 37, PageID # 169-71) Notwithstanding Basham's assertion that Prudential breached its duty to Basham "as well as all other participants," unlike *Hill*, this is not a class action. (D.N. 1, PageID # 7 ¶ 43) Instead, as in *Gluc*, the facts alleged suggest a problem with Prudential's processing of a single claim. *See Gluc*, 2015 WL 6394522, at *3 (citing *Hill*,

409 F.3d at 714-15; *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 414 (6th Cir. 1998)). Although Basham, like *Gluc*, maintains that Prudential's claims process has systemic issues, she does not allege facts to support a claim of plan-wide wrongdoing. (*See* D.N. 1, PageID # 7) Her conclusory allegations of systemic problems are the type of "[t]hreadbare recitals of the elements of a cause of action" that cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Therefore, Basham's claims of breach of fiduciary duty and disgorgement will be dismissed.

### B. Tortious-Interference Claim

Next, Basham argues that Prudential tortiously interfered with "Harrah's short term disability payroll practice . . . by failing to provide accurate claims processing." (D.N. 1, PageID # 8) Prudential contends that this claim is barred by the law of the case doctrine because the same claim has already been dismissed. In the alternative, Prudential argues that ERISA preempts this claim. (D.N. 32-1, PageID # 142-46)

The law of the case doctrine does not apply to this action. In arguing for application of the doctrine, Prudential cites an opinion from Basham's first case disposing of a tortious-interference claim over the same STD and LTD benefits plan between the same parties. (D.N. 32-1, PageID # 142-43) While the cases are very similar, the cited action was officially closed on December 15, 2014. *See Basham v. Prudential Ins. Co. of Am.*, No. 3:11-cv-464-CRS, 2014 WL 7076363 (W.D. Ky. Dec. 15, 2014). Basham filed her current complaint on July 2, 2015. (D.N. 1) In the first suit, Basham challenged Prudential's failure to review her LTD benefits claim, (D.N. 1, PageID # 4) whereas in the second suit, Basham's claims arise out of Prudential's denial of her LTD benefits. (*Id.*, PageID # 6). The two cases are thus separate actions, and the law of the case doctrine does not apply. Charles Alan Wright, et al., Federal Practice & Procedure § 4478 (2016) ("Law-of-the-case rules have developed to maintain consistency and

6

avoid reconsideration of matters once decided during the course of a single continuing lawsuit. They do not apply between separate actions."); *see, e.g.*, *GMAC Mortgage, LLC v. McKeever*, No. 12-5802, 2016 WL 3090330, at *6-7 (6th Cir. June 2, 2016) (holding that the law of the case doctrine does not apply to consolidated cases because they remain separate actions); *Harbor Ins. Co. v. Essman,* 918 F.2d 734, 738 (8th Cir. 1990) (district court's refusal to dismiss claims in a case that was later dismissed without prejudice was not binding under law of the case doctrine in a subsequent suit between the same parties).

While the law of the case doctrine does not apply, much of the Court's reasoning in the earlier case applies to Basham's current claim. As the Court previously explained,

> ERISA preempts state law claims which "relate to any employee benefit plan." 19 U.S.C. § 1144(a). The phrase "relate to" is "given its broad common-sense meaning, such that a state law 'relates to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). ERISA preempts state law claims regarding ERISA-regulated plans. *Id.* Thus, common law breach of contract and tort claims "based on alleged improper processing of a benefit claim under an employee benefit plan" against the insurance company that issues an employer's group insurance policy fall under ERISA's preemption clause. *See Pilot Life Ins. Co., v. Dedeaux*, 481 U.S. 41, 41 (1987).

*Basham v. Prudential Ins. Co. of Am.*, No. 3:11-CV-00464-CRS, 2012 WL 5878158, at *6 (W.D. Ky. Nov. 20, 2012).

Here, Basham explicitly alleges that her tortious-interference claim is based on Prudential's failure to accurately process her claim. (D.N. 1, PageID # 8) Thus, as in her earlier action, "even under Plaintiff's characterization of her claims, her claims stem from the alleged improper evaluation and denial of a claim for benefits under an employee benefit plan, and therefore relate to an ERISA plan under § 514(a)." *Basham*, 2012 WL 5878158, at *8 (citing *Dedeaux*, 481 U.S. at 43); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th

Cir. 1997)).  Because Basham's tortious-interference claim is preempted by ERISA, it will be dismissed.  *See id.*

### C. Jury Demand

In response to Prudential's motion to dismiss, Basham concedes that "Prudential is correct that ERISA does not normally permit trial by jury," but then asserts that she is entitled to a jury trial because her "tortious interference claim is a common law claim." (D.N. 37, PageID # 165)  Because Basham's tortious-interference claim is being dismissed and only ERISA claims remain, the jury demand will be stricken.

### III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Prudential's Partial Motion to Dismiss and Strike Jury Demand (D.N. 10) is **GRANTED**.  Plaintiff's claims of breach of fiduciary duty, disgorgement, and tortious-interference are **DISMISSED** with prejudice.